# FIDELITY AND DEPOSIT COMPANY OF MARYLAND *v.* UNITED STATES.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 381.    Submitted October 31, 1902.—Decided December 1, 1902.

1. This court has already sustained the power of the Supreme Court of the District of Columbia to adopt a rule providing that if the plaintiff or his agent shall file an affidavit in any action arising *ex contractu* setting out distinctly his cause of action, etc., and serve the defendant with copies thereof and of the declaration, he shall be entitled to judgment unless the defendant shall file, along with his plea, if in bar, an affidavit of defence

denying the right of the plaintiff as to the whole or some specific part of his claim, and specifically also the grounds of his defence, and has also sustained the validity of the rule as adopted (No. 73) by said court. *Smoot* v. *Rittenhouse*, decided January 10, 1876. The rule as adopted does not deprive a defendant who files a plea in bar and demands a trial by jury, but who also fails to file the affidavit of defence required by the rule, of a right to a trial by jury, but simply prescribes the means of making an issue in regard to which, if the same be made as prescribed, the right of trial by jury accrues.

2. Congress' has the power to change forms of procedure and it has been decided by this court, (*Smoot* v. *Rittenhouse, supra,*) that the power to enact rules of procedure has been delegated to the Supreme Court of the District of Columbia.

3. Exceptions based on disputable considerations of the spirit of the rule will not be taken against the interpretation of the Supreme Court of the District of Columbia, which has administered the rule for many years.

4. In this case it was held that the affidavit filed by the plaintiff in error, defendant below, was not sufficient to comply with the rule.

This action was brought in the Supreme Court of the District of Columbia, by defendant in error, against one Peyton D. Vinson, as principal and plaintiff in error as surety, on certain bonds, to recover the sum of $530.06. One of the bonds was in the penal sum of $25,000, for the faithful performance of the covenants and conditions of a contract entered into by said Vinson with the District of Columbia. It was covenanted in the bond that Vinson would " promptly make payments to all persons supplying him with labor or materials in the prosecution of the work provided for in said contract." And it was alleged in the declaration that Lewis E. Smoot furnished said Vinson certain materials, which were used by the latter in the completion of the work under the contract, of the value of $599.73, of which amount only $206.95 was paid, leaving a balance of $392.78 due.

The other bond was for the penal sum of $6000, with like covenants and conditions. The declaration alleged that said Smoot furnished materials of the value of $143.28 to Vinson, which were used in the performance of the latter's contract with the District of Columbia, and that said amount was not paid, though demanded. And recovery of said amounts due was prayed against Vinson and the plaintiff in error, amounting to

the sum of $530.06. The declaration was accompanied by an affidavit made by Smoot under the requirements of rule 73 of the court, hereinafter set out. The affidavit was very full and circumstantial, and virtually repeated the declaration.

The plaintiff in error filed pleas to the declaration, in which it alleged that neither it nor Vinson owed the sums of money demanded, or any part of either, "in the manner and form as the said United States above complained." And also pleaded that neither it nor Vinson had broken the conditions, or any of them, on said bonds "in the manner and form as the said United States had above complained."

The plaintiff in error on March 14, 1902, filed the following affidavit of defence :

"J. Sprigg Poole, being first duly sworn, deposes and says:

"1. That he is now, and for ten years last past has been, the general agent for the District of Columbia of the Fidelity and Deposit Company of Maryland, the defendant in the above-entitled cause.

"2. That the said defendant admits the execution of the bonds as alleged in the declaration in said cause.

"3. That the said defendant, its officers and agents, has no personal knowledge of the contracts alleged in said declaration to have been entered into by and between Lewis E. Smoot and Peyton D. Vinson, or of the indebtedness alleged to be due from said Vinson to said Smoot under said alleged contracts; that the said defendant, its officers and agents, has not sufficient information, in the opinion of the affiant and of the counsel of said defendant, its attorney of record in said cause, to be safe in admitting or denying under oath the allegations of said declaration in regard to said contracts between said Smoot and Vinson, or the indebtedness thereunder, and in so far as said defendant is sought to be charged with the payment of said alleged indebtedness from Vinson to Smoot it calls for strict proof of said alleged indebtedness.

"4. That said defendant is advised by its counsel that it is entitled under the law of the land to trial by jury as to the truth of the allegations of the declaration in regard to said alleged contracts between the said Smoot and Vinson and the

alleged indebtedness under said contracts; that said defendant does not waive, but expressly claims, the benefit of the right of trial by jury, and prays that this honorable court will not enter judgment against it, the said defendant, without trial by jury upon the issues tendered by the pleas filed to said declaration.

"That this prayer for trial by jury is not made for the purpose of delay, but solely because the defendant is advised by counsel and believes that, under the law of the land, it is entitled to trial by jury in this cause, and that it cannot waive or surrender that right without exposing itself to the danger of being deprived of its property without due process of law."

On the 18th of March the defendant in error filed a motion "for judgment, under the seventy-third rule, for failure of the defendant to file with his plea a sufficient affidavit of defence."

Upon hearing, the motion was granted and judgment entered as prayed for in the declaration. The judgment was affirmed by the Court of Appeals, and the case was then brought here.

The seventy-third rule is as follows:

"In any action arising *ex contractu*, if the plaintiff or his agent shall have filed, at the time of bringing his action, an affidavit setting out distinctly his cause of action, and the sum he claims to be due, exclusive of all set-offs and just grounds of defence, and shall have served the defendant with copies of his declaration and of said affidavit, he shall be entitled to a judgment for the amount so claimed, with interest and costs, unless the defendant shall file, along with his plea, if in bar, an affidavit of defence denying the right of the plaintiff as to the whole or some specified part of his claim, and specifically stating also, in precise and distinct terms, the grounds of his defence, which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part. And where the defendant shall have acknowledged in his affidavit of defence his liability for a part of the plaintiff's claim as aforesaid the plaintiff, if he so elect, may have judgment entered in his favor for the amount so confessed to be due.

"SEC. 2. The provisions of this rule shall not apply to defendants who are representatives of a decedent's estate except when the affidavit filed with the declaration sets forth that the con-

tract sued on was directly with such representative, or that a promise to pay was made by him.

"SEC. 3. When the defendant is a corporation, the affidavit of defence may be made by an officer, agent or attorney of such corporation.

"Rules of the Supreme Court of the District of Columbia adopted at the April term, 1898, p. 28."

*Mr. L. H. Poole* for plaintiff in error.

*Mr. Crandal Mackey* for defendants in error.

MR. JUSTICE MCKENNA, after making the foregoing statement, delivered the opinion of the court.

The principal assignments of error are reducible to these contentions: (1) The court had no power to enact the rule; (2) that the rule was invalid, in that it deprived defendants of due process of law and the right of trial by jury, in contravention of the Constitution of the United States and "the mode of proof of trial" prescribed by Revised Statutes, sec. 861 *et seq.*

1. The rule was formerly number 75 and has existed a long time. The Court of Appeals of the District has sustained its validity in a number of cases. This court also sustained its validity in *Smoot* v. *Rittenhouse,* decided January 10, 1876.

The case is questioned as authority because, it is said, that "if this court upheld a rule of such important character and doubtful validity it would give the grounds of its decision." But the objection assumes that the court had doubts. The better inference is that the court regarded the grounds of challenge to the validity of the rule as without foundation. And its validity was challenged and necessarily passed on, which disposes of the contention that the decision was based on another point.

2. There is but one element in this contention—the right of a jury trial. In passing upon it we do not think it necessary to follow the details of counsel's elaborate argument. In *Smoot* v. *Rittenhouse, supra,* the validity of the rule was sustained as

well as the power of the court to make it.   If it were true that the rule deprived the plaintiff in error of the *right* of trial by jury, we should pronounce it void without reference to cases. But it does not do so.   It prescribes the means of making an issue.   The issue made as prescribed, the right of trial by jury accrues.   The purpose of the rule is to preserve the court from frivolous defences and to defeat attempts to use formal pleading as means to delay the recovery of just demands.

Certainly a salutary purpose and hardly less essential to justice than the ultimate means of trial.   And the case at bar illustrates this.   It certainly does not seem unreasonable to charge one who has become responsible for the performance of an act by another with knowledge of that act or with means of ascertaining it, so as to state a defence within the liberal interpretation of the rule declared by the Court of Appeals.

As early as 1879 the Supreme Court of the District recited the history of the rule and explained its purpose.   " It was a rule," the court said, " to prevent vexatious details in the maturing of a judgment where there is no defence.   .   .   . Now, what does the rule mean, this being its office ?   It is couched in very plain language.   It says the defendant shall set out his *grounds* of defence and swear to them.   It does not mean a defence in all its details of incident and fact, but the foundation of defence.   That is all.   Those grounds ought not to be vague and indefinite.   They should have significance and meaning, and should express the idea of defence upon the ground to which they are addressed.   It was never contemplated that this rule required a party to follow his case through all the lights and shadows of the evidence in it.   That would be to hold it essential that he should try his case in his plea." *Bank* v. *Hitz*, MacArthur & Mackey, 198.

This interpretation was affirmed in *Cropley* v. *Vogeler*, 2 App. D. C. 28; see also 2 App. D. C. 340 ; *Gleason* v. *Hoeke*, 5 App. D. C. 1 ; 12 App. D. C. 161; *Bailey* v. *District of Columbia*, 4 App. D. C. 356.

And the facts stated in the affidavit of defence will be accepted as true.   *Strauss* v. *Hensey*, 7 App. D. C. 289.

It would seem a logical result of the argument of plaintiff

in error that there was a constitutional right to old forms of procedure, and yet it seems to be conceded that Congress has power to change them, even to the enactment of rule 73. The concession of that power destroys the argument based on the Constitution, and whether Congress exercised the power directly or delegated it to the Supreme Court of the District of Columbia can make no difference. And that such power had been delegated to the Supreme Court of the District was virtually decided in *Smoot* v. *Rittenhouse, supra.*

3. It is urged that the causes of action set out in the declaration "are not within the purview of the rule." By "purview of the rule" is meant, as counsel explains, the spirit of the rule, and that, it is urged, intends only "money demands, pure and simple," not contracts of suretyship or conditional obligations. It is, however, conceded that the causes of action are within the letter of the rule, and we are not disposed to make exceptions based on disputable considerations of its spirit against the interpretation of the court, which has administered the rule for many years.

4. Plaintiff in error asserts the sufficiency of its affidavit and asserts the insufficiency of that of defendant in error. In support of the latter assertion, it is claimed, "copies of the bonds in suit and of the contracts between the District and Vinson should have been filed." We may adopt the reply of the Court of Appeals of a like claim in that court. That learned court said :

"There is no merit in the formal objections urged to the declaration and supporting affidavit of the plaintiff. The bond is alleged to have been executed in accordance with the formal provisions of the statute which makes it a public record, and proffer of it was not required to be made. It is nothing more than a simple statutory obligation to pay any and all demands against the contractor of the nature claimed by the plaintiff. It does not appear that there was any formal written contract between the contractor and the plaintiff relating to the materials furnished by the latter, upon the necessary interpretation of which the liability in whole or in part depends. For the purposes of recovery it was sufficient to say, as was done, that

plaintiff agreed to furnish certain materials at a certain price, for use, by. the contractor, that he did furnish the same in specific amounts, and that the contractor received them and then refused to pay the sum due for them."

The affidavit of plaintiff in error was not sufficient. The rule requires the affidavit not only to deny the right of the plaintiff but to state also in precise and distinct terms the grounds of defence, "which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part." See cases cited above.

Finding no error in the record the

*Judgment is affirmed.*