# KING *v.* CURTIN. (1)

BILLS AND NOTES; AFFIDAVITS OF DEFENSE; USURY.

1. *Quære,* whether the maker of promissory notes given to take the place of former usurious notes to which he was a party, may take advantage of sec. 1182, D. C. Code, and plead usury as a defense to all except the principal sum due.

2. The 73d rule of the lower court, requiring an affidavit of defense in actions *ex contractu* where an affidavit is filed in support of the declaration, prescribes the manner of making an issue, and, if the issue is made as prescribed, the right of trial accrues, and not otherwise.

3. The averment in an affidavit of defense that the promissory notes sued on are usurious is a mere conclusion of law; and, where such an affidavit states that the notes sued on were given in place of former notes which aggregated a smaller amount than the amount of the notes sued on, and that the difference was usury, the affidavit, to be sufficient should state, if it is within the power of the defendant to do so, the date, amount, and rate of interest of each of the alleged usurious notes, and when they matured, and also the amount of the usury.

No. 1759. Submitted February 4, 1908. Decided March 31, 1908.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, in an action on promissory notes, for want of a sufficient affidavit of defense.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

The plaintiff below, Honora Curtin, executrix of Patrick Curtin, deceased, appellee here, declared upon thirteen promissory notes aggregating $586.74 and interest, and also upon the common counts in assumpsit. He filed with his declaration his affidavit "setting out distinctly his cause of action and the sum he claimed to be due" in full compliance with the 73d common-law rule.

The defendant, William D. P. King, appellant here, thereupon filed with his plea of the general issue the following affidavit of defense:

"William D. P. King, having been duly sworn, deposes and says: I am the defendant in the above-entitled cause, and, in support of the plea therein filed, say as follows:

"The note for $314.49, mentioned in the declaration, was made in lieu of eighteen notes which, at various times and in various amounts, had been made by one James H. Charlton, who delivered the said eighteen notes to the plaintiff, on each of which notes my name appeared as indorser. At the instance of the plaintiff, I made this note of $314.49 to embrace and take the place of the various notes, eighteen in number, which had been made by Charlton and which were then held by the plaintiff. The transaction between Charlton and the plaintiff, represented by those notes, was a loan by the plaintiff to the said Charlton in which the money paid by the plaintiff did not exceed $140, the difference between that amount and the amount shown by the said notes being usury.

"I did not receive a penny for or on account of the note for $314.49, above mentioned, or for or on account of either one of the various preceding notes, which, with their usurious additions, constitute the consideration for the said note of $314.49. The said Charlton, however, has paid various sums of money to the plaintiff on account of the loan made as afore-

said, and the amount due to the plaintiff by reason of the transaction out of which the said note for $314.49 grew and of which it is a part is less than $100.

"Each of the other twelve notes described in the declaration was made in consideration of previous notes on which in their origin a small cash loan had been made by the plaintiff, but which, despite frequent payments, had grown, by usurious additions, to dimensions far in excess of the original loans. For instance, the six notes of $15 each, made on January 31, 1903, are the unpaid part of a series of notes of that date made to take up preceding notes of larger size then due, one being a note for $95, dated October 15, 1902, and payable two months after date. Into this note of October 15, 1902, for $95, entered a note of September 4, 1902, for $12.38, payable October 15, 1902, and also a note of September 15, 1902, for $30, besides usury on the other notes. And into the note of September 15, 1902, for $30, there entered a note of August 15, 1902, for $15, payable one month after date, and a note of August 30, 1902, for $15.50, payable fifteen days after date; the note of September 15 for $30, supplemented by a sum of money, being given to the plaintiff in consideration of the two notes thus described of $15 and $15.50 respectively.

"In this way the notes herein sued upon represent, not a clean, clear-cut business transaction, but a transaction of which usury was predicable in the beginning and out of which and about which usury has since grown. Note has succeeded to note and in the transition usury was exacted by the plaintiff, and, if not paid at the time in money, was added into another note, and thus the demands of the plaintiff have grown without reference to the payments which at various times have been made to him both on account of the loan originally contracted, and also on account of the usurious demands subsequently made.

"The amount due the plaintiff by reason of the transactions into which the notes herein sued on run and out of which they grow do not exceed $100, the amount paid him by reason of the said transactions and on account thereof having reduced his just demands to less than $100.

"Wm. D. P. King."

This affidavit was adjudged insufficient, and thereupon, by leave of court, the following amendment was filed:

"By leave of the court, the defendant, William D. P. King, comes now here and amends the affidavit he made in support of his plea herein filed by adding to the said affidavit the following paragraph, to be read as a part of the said affidavit, namely:

" 'That the various notes on which this suit is brought, described in the declaration and amounting in the aggregate to $586.74, do not, except for the amount of $100, represent a debt due by this defendant to the plaintiff; but they represent the interest charged by the plaintiff on money he had loaned, the principal of which loans, except in the amount of $100, had been repaid to the plaintiff. On the said loans the plaintiff had charged interest in excess of the rate permitted by the law, and the notes sued on, except in the amount of $100, represent, simply and solely the interest charged on said loans by the plaintiff in excess of the rate permitted by the law.'

"Wm. D. P. King."

Thereupon judgment was entered for the plaintiff "for want of a sufficient affidavit of defense."

*Mr. J. Altheus Johnson* for the appellant.

*Mr. Eugene A. Jones* and *Mr. George C. Shinn* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Assuming, without deciding, that the defendant, as the maker of new notes to take the place of the former usurious notes to which he was a party, could take advantage of section 1182 of the Code, and plead usury as a defense to all except the principal sum due, does his affidavit as amended meet the requirements of the 73d rule? Even though we give it a liberal construction, we are constrained to hold that it does not. The 73d rule prescribes the manner of making an issue, and,

if the issue is made as prescribed, the right of trial accrues and not otherwise. *Fidelity & D. Co.* v. *United States,* 187 U. S. 315, 47 L. ed. 194, 23 Sup. Ct. Rep. 120. In the present case the plaintiff has complied with the rule. In his declaration and accompanying affidavit he gives the date, amount, and rate of interest of each note, and when due. The defendant attempts to interpose usury as a partial defense without stating the facts which constitute the alleged usurious transaction. His assertion that the notes sued on are usurious is a mere conclusion of law, and not a statement of fact from which the real character of the notes may be determined. He avers that the note for $314.49, mentioned in the declaration and affidavit, took the place of eighteen notes upon which his name appeared as accommodation indorser, one Charlton being the principal in each; and that the amount actually loaned Charlton "did not exceed $140, the difference between that amount and the amount shown by the said notes being usury." He further avers that "each of the other twelve notes described in the declaration was made in consideration of previous notes on which in their origin a small cash loan had been made by the plaintiff, but which, despite frequent payments, had grown, by usurious additions, to dimensions far in excess of the original loans." Under the rule, the plaintiff, if he so elects, may have judgment entered in his favor for the amount confessed by the defendant to be due. But the plaintiff is not bound to accept the mere conclusion of the defendant based upon facts not appearing in his affidavit. Obviously the affidavit should state facts sufficient to enable the court to verify the conclusion. We think the affidavit of defense in the present case should have stated, if it was within the power of the defendant to have so stated, the date, amount, and rate of interest of each of the alleged usurious notes, and when they matured, and also the amount of the usury. Unless the defendant was prepared to be much more specific in his proof than in his affidavit, a trial would have been an idle ceremony, since he could not have prevailed. If he was prepared to be more specific in his proof, he should have made his affidavit conform to the rule,

and thus enable the plaintiff, if he so elected, to take judgment under the rule for the amount legally due him.

The amendment to the defendant's affidavit contains a mere reiteration of the conclusion reached in the main affidavit, and hence is subject to the same objection.

The judgment must be affirmed, with costs, and it is so ordered.                                        *Affirmed.*

