991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eugene ZIMMERMAN, Plaintiff/Appellant,
v.
Gordon KAZDA, et al., Defendants/Appellees.
 No. 91-2169.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 12, 1993.*
Decided April 15, 1993.
 
 Before POSNER and KANNE, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 When Eugene Zimmerman failed to pay his real property taxes, the County of Rock brought foreclosure proceedings against Zimmerman and subsequently acquired title to his property. After Zimmerman failed to remove his personal property from the premises, his possessions were sold at a public sale. The proceeds were forwarded to the Internal Revenue Service in satisfaction of a notice of levy on Zimmerman's property.
 
 
 2
 Zimmerman sued several federal, county, and city officials. Defendants Kepplinger, Horkey, County of Rock, Jilek, Wilcox, City of Beloit, S. Schroeder, Grafft, Thiering, Rundle, Hale, and Brunton were dismissed. The district court then granted summary judgment to Kazda, Skelly, Brown, Schroeder, Ross and Meyer on all claims except Zimmerman's claim that the defendants violated his due process by selling his personal property without reasonable notice. Defendants Kazda, Skelly, Brown and Ross were subsequently dismissed, and the motions of defendants T. Schroeder and Meyer for directed verdict were granted. In this appeal Zimmerman challenges the entry of summary judgment.
 
 
 3
 Zimmerman argues that the district court judge "usurped the function of the jury" by granting summary judgment to the defendants. Summary judgment does not violate the Seventh Amendment. See Fidelity & Deposit Co. v. United States, 187 U.S. 315, 319-321 (1902); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) (summary judgment proper where no genuine issue of fact).
 
 
 4
 Zimmerman appears to make an additional argument that summary judgment was not proper because he had not completed discovery. In response to his request for additional time to conduct discovery, the district court determined that Zimmerman hadmade no attempts to begin discovery and had given no indication of what he hoped to obtain through discovery; the court did, however, grant Zimmerman additional time to respond to defendants' motion for summary judgment. The district court then granted more extensions to Zimmerman. The court finally ruled on the defendants' motion for summary judgment and even considered Zimmerman's untimely response. Zimmerman could have filed a proper affidavit under Federal Rule of Civil Procedure 56(f) to move for a continuance to obtain discovery. Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co., Inc., 826 F.2d 725 (7th Cir.1987). By failing to do so, he cannot now claim that the district court abused its discretion by ruling on the motion for summary judgment. Id.
 
 
 5
 Zimmerman has not raised specific errors in the district court's disposition. We have reviewed the record, and we agree with the district court's thorough opinion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs