69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Garry DEYOUNG and Mary Deyoung, Plaintiffs-Appellants,
v.
Judge Fred LORENTZ, Defendant-Appellee.
 No. 95-3153.
 United States Court of Appeals, Tenth Circuit.
 Nov. 9, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 EBEL, Circuit Judge.
 
 
 1
 Plaintiffs-Appellants Garry and Mary De Young ("Appellants") appeal the district court's sua sponte denial of their "notice of removal." For the reasons set forth below, we AFFIRM the judgment of the district court.[2]
 
 I.
 
 2
 On January 7, 1992, Appellants borrowed a sum of money from the Community National Bank in Chanute, Kansas ("Bank") to refinance a loan on their 1987 Chevrolet Cavalier. Appellants executed a promissory note and granted the Bank a security interest in the Cavalier as collateral for the loan. In late July or early August of 1992, they took the Cavalier to a repair shop after noticing engine trouble. The repair shop was unable to repair the Cavalier, and Appellants thereafter ceased making payments on the Bank's note. After several attempts to collect on the note, the Bank sought legal redress and filed a petition in the District Court of Neosho County, Kansas seeking payment of the debt. Appellants' response to the Bank's petition denied the validity of the debt and asserted a $25,000,000.00 counterclaim for assorted emotional and physical maladies allegedly caused by the Bank's harassment and "elder abuse."[3]
 
 
 3
 The Bank moved for summary judgment on March 28, 1995. Judge Lorentz granted the Bank's motion on March 30, 1995. Appellants did not appeal the adverse judgment and opted instead to file in forma pauperis a "notice of removal" with the United States District Court in Topeka, Kansas on May 4, 1995. Curiously, Judge Lorentz was the sole named defendant in Appellants' "notice of removal," which also sought a money judgment against Judge Lorentz for various constitutional violations. The federal district court granted Appellants' motion to proceed in forma pauperis, and in a written order dated May 10, 1995, ruled sua sponte on Appellants' "notice of removal." The court remanded to the Neosho County District Court the Bank's state law claim due to lack of subject matter jurisdiction, and held that the constitutional claims against Judge Lorentz were barred by judicial immunity. This appeal followed.
 
 II.
 
 4
 Because Appellants were appearing pro se, the district court liberally construed their "notice of removal," see Estelle v. Gamble, 429 U.S. 97, 106 (1976), treating it both as an attempt to remove the state court action originally brought by the Bank and to file a separate action against Judge Lorentz under 42 U.S.C.1983. We also construe the pleadings in this generous light, and we agree with the district court's conclusions on the legal issues presented.
 
 
 5
 First, we agree that the district court lacked subject matter jurisdiction over the state law claim brought by the Bank. A defendant may remove to federal court only those actions over which the district court has original jurisdiction. 28 U.S.C. 1441(a). Appellants, residents of Kansas, were sued by a Kansas bank on a promissory note. There were no federal claims asserted against them. The absence of either diversity of citizenship or a federal claim on the face of the complaint required the district court to remand the case to the state court. See 28 U.S.C. 1446(c)(4) (district court shall make an order for summary remand if it appears clearly on the face of the notice that removal should not be permitted).[4]
 
 
 6
 Second, even if Appellants' "notice of removal" is liberally construed as an attempt to file a separate civil rights action against Judge Lorentz, we hold that the "complaint" was properly dismissed as frivolous under 28 U.S.C.1915(d). Section 1915(d) permits a district court to dismiss a complaint filed in forma pauperis if the court is "satisfied that the action is frivolous or malicious." Id. A complaint is frivolous when it lacks an arguable basis in fact or is "based on an indisputably meritless legal theory." Nietzke v. Williams, 490 U.S. 319, 325-27 (1989). We review a dismissal under section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 7
 The district court below dismissed Appellants' cause of action on the ground that Judge Lorentz was protected by judicial immunity. See Stump v. Sparkman, 435 U.S. 349 (1978). Under this doctrine, a judge is absolutely immune from civil damages liability except when acting "in the clear absence of all jurisdiction." Id. at 356-57. Appellants appear to challenge acts performed in Judge Lorentz's official capacity, yet they have not demonstrated that these acts were taken "in the clear absence of all jurisdiction." Id. Appellants' primary complaint against Judge Lorentz is that he granted the Bank's motion for summary judgment and thereby denied Appellants their right to trial by jury under the Seventh Amendment. Because Judge Lorentz's grant of summary judgment in favor of the Bank was clearly a judicial act, he has absolute immunity and cannot be held answerable for any civil damages arising out of that act.[5]
 
 
 8
 In Nietzke, the Supreme Court specifically noted that a complaint may be dismissed as frivolous where "it is clear that the defendants are immune from suit." 490 U.S. at 319. Because we hold that the suit against Judge Lorentz was barred by judicial immunity, we detect no abuse of discretion in the district court's dismissal of the action under 28 U.S.C.1915(d).
 
 III.
 
 9
 For the reasons stated above, we AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 Appellants also sought damages from the Bank's attorney, Mr. Kluin, and demanded that he be subjected to a psychiatric evaluation and removed from the practice of law. This claim was dismissed for failure to join Mr. Kluin as a party
 
 
 [4]
 The district court also held that Appellants' notice was untimely. See 28 U.S.C. 1446(b). Because we conclude the court lacked jurisdiction, we do not address this alternate ruling
 
 
 [5]
 In any event, we note that a properly applied summary judgment procedure does not violate the Seventh Amendment. Fidelity & Deposit Co. v. United States, 187 U.S. 315, 319-21 (1902). Moreover, it is well-established that the Seventh Amendment right to jury trial in civil cases is not a fundamental aspect of due process and does not apply in state court proceedings. Minneapolis and St. Louis R. Co. v. Bombolis, 241 U.S. 211 (1916)