Homo v. Henniker                          CV-95-499-SD  05/02/96
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Lawrence R. Homo, Sr.;
Katheren I. Homo


     v.                                         Civil No. 95-499-SD


Town of Henniker, et al



                              O R D E R


     Plaintiffs pro se Lawrence and Katheren Homo seek to revive

in this litigation the issues surrounding the enforcement of

certain zoning ordinances by the Town of Henniker, New Hampshire.

Defendants moved for summary judgment.  Document 5.  Plaintiffs

then countered by moving for a 90-day enlargement of time for

additional discovery, invoking Rule 56(f), Fed. R. Civ. P.[1]

Document 8.  Defendants object.  Document 9.

     The magistrate judge ruled that as the motion for summary

_____

[1]Rule 56(f), Fed. R. Civ. P., provides,

          Should it appear from the affidavits of a party
          opposing the motion that the party cannot for
          reasons stated present by affidavit facts
          essential to justify the party's opposition, the
          court may refuse the application for judgment or
          may order a continuance to permit affidavits to be
          obtained or depositions to be taken or discovery
          to be had or may make such other order as is just.

judgment was based on the doctrine of res judicata discovery was unnecessary and that plaintiffs' reply to the summary judgment motion was due on April 29, 1996. Plaintiffs then filed a "Notice of Refusal for Fraud Under F.R.C.P. 9(b) Refusal of Order Dated April 19, 1996." Document 10. The court construes such "Notice" to be an objection to the ruling of the magistrate judge and thus presented to the court for resolution. 28 U.S.C. § 636(b)(1)(A); Rule 72(a), Fed. R. Civ. P.

Although difficult to parse, it appears from the contents of the "Notice" that plaintiffs believe that the mere filing of a civil action and payment of the filing fee gives rise to a contract entitling them pursuant to the Seventh Amendment to a jury trial.[2] Their belief in this regard is clearly erroneous.

The law is clear that, absent issues of fact to be determined, no one is entitled in a federal civil case to a trial by jury. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979). And many of the procedural devices developed since 1791 are not inconsistent with the Seventh Amendment. Id. These

---

[2]Plaintiffs invoke Rule 9(b), Fed. R. Civ. P., which sets forth the requirements (which plaintiffs have not here met) for pleading fraud in a federal civil action. They also invoke "U.C.C. 3-501." The New Hampshire U.C.C. is set forth in Revised Statutes Annotated (RSA) 382-A, which statute was substantially amended effective January 1, 1994. The current version of RSA 382-A:3-501 concerns the dishonor of negotiable instruments, and its relevance to these proceedings is not apparent.

include motions for summary judgment, <u>Fidelity & Deposit Co. v. United States</u>, 187 U.S. 315, 319-21 (1902); <u>Etalook v. Exxon Pipeline Co.</u>, 831 F.2d 1440, 1447 (9th Cir. 1987), and motions for dismissal, <u>Sullivan v. United States</u>, 788 F.2d 813, 816 (1st Cir. 1986).

Because the issue of whether this litigation is barred by the doctrine of res judicata presents a question of law based on the past history of prior litigation, there is no need for additional discovery. The ruling of the magistrate judge was therefore neither "erroneous [nor] contrary to law." 28 U.S.C. § 636(b)(1)(A), <u>supra</u>, and, accordingly, it must be affirmed.

However, because the court was unable to rule on the issue prior to the instant date, the plaintiffs are herewith afforded to the close of business on May 20, 1996, to file such affidavit or other relevant documents in opposition to the motion for summary judgment as they desire. The case will thereafter be returned to the court for ruling on the pending motion for summary judgment.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 2, 1996
cc: Lawrence & Katheren Homo, pro se
     Barton L. Mayer, Esq.

3