**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEVEN CARLO BASOLO,

      Plaintiff-Counter-
      Defendant-Appellant,

v.

JAMES K. LUBING,

      Defendant-Counter-
      Claimant-Appellee.

No. 97-8109
(D.C. No. 96-CV-1030-J)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's denial of his motion for reconsideration of the summary judgment granted in favor of defendant on plaintiff's legal malpractice claim.[1]  We affirm.

Defendant represented plaintiff in a divorce proceeding between August 1993 and June 1994.  In June 1996, plaintiff brought this diversity malpractice action, alleging that defendant's inadequate representation resulted in an unfavorable custody arrangement and property division.

Defendant moved for summary judgment, attaching an affidavit by opposing counsel in the divorce proceeding, who opined that defendant did a "very adequate job in handling the case" and that there was no basis to conclude he violated the professional standard of care.  See R. I, doc. 10, ex. A at 4. Plaintiff responded with several documents, attaching his own affidavit which contained allegations of attorney incompetence, an affidavit which purportedly cast doubt on opposing counsel's veracity, and several pages of hearing transcript. He did not, however, submit any expert evidence setting out the applicable standard of care or refuting the opinion that defendant performed competently. On August 22, 1997, the district court granted defendant's summary judgment

---

[1]    Because plaintiff's notice of appeal was filed more than thirty days after judgment was entered, and no tolling motion was filed, we lack jurisdiction to review the underlying summary judgment.  We have jurisdiction, however, to review the district court's denial of plaintiff's motion for reconsideration, filed pursuant to Fed. R. Civ. P. 60(b).

motion, finding plaintiff failed to establish a genuine issue of fact regarding his former attorney's deviation from the applicable standard of care. Plaintiff filed a motion for reconsideration which was denied, and this appeal followed.

We review the denial of a Rule 60(b) motion for an abuse of discretion. See White v. American Airlines, Inc., 915 F.2d 1414, 1425 (1990). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When a moving party makes a properly supported summary judgment motion, the nonmoving party has the burden of showing a genuine issue for trial, "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Here, in responding to defendant's properly supported summary judgment motion, plaintiff failed to submit evidence showing the applicable standard of care or a breach of that standard. He presented no expert testimony about the care a reasonably prudent attorney would exercise under similar circumstances, as is required in most professional negligence cases under Wyoming law. See Peterson v. Scorsine, 898 P.2d 382, 388-89 (Wyo. 1995); Moore v. Lubnau, 855 P.2d 1245, 1249 (Wyo. 1993). Further, given the tactical nature of the alleged errors, this

was not a case in which a layperson's background and common sense could establish the applicable standard of care. See Peterson, 898 P.2d at 383, 388-89 (implicitly rejecting plaintiff's argument that errors in divorce proceeding fell within a layperson's common sense and experience); see generally Moore, 855 P.2d at 1250-51 (describing tactical considerations in divorce proceeding). The transcript excerpts attached to plaintiff's motion for judgment also were insufficient, as there was no evidence the decision to work out a property division after the hearing violated the applicable standard of care. Therefore, plaintiff failed to demonstrate a genuine issue of material fact under Rule 56.

Although plaintiff's pro se pleadings are to be construed liberally, his pro se status does not excuse his obligation to comply with the rules of procedure. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). Further, because the case was not legally submissible to a jury, plaintiff's Seventh Amendment rights were not violated. See Fidelity & Deposit Co. v. United States ex rel. Smoot, 187 U.S. 315, 320 (1902); City of Chanute v. Williams Nat. Gas Co., 955 F.2d 641, 657 (10th Cir. 1992), overruled on other grounds by Systemcare, Inc. v. Wang Labs. Corp, 117 F.3d 1137 (10th Cir. 1997).

Finally, the district court's September 12, 1997 deadline for designating expert witnesses did not affect plaintiff's duty to demonstrate a factual dispute regarding the standard of care. If plaintiff felt unable to respond to the summary

judgment motion before the disclosure date, he should have submitted an affidavit under Federal Rule of Civil Procedure 56(f), setting out his reasons for not presenting his opposition. The district court then could have denied the motion or ordered a continuance. Based on the foregoing, we conclude the district court did not abuse its discretion in denying plaintiff's motion for reconsideration.[2]

The judgment of the United States District Court for the District of Wyoming is AFFIRMED. All outstanding motions are denied. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2] We do not address plaintiff's argument that defendant violated Local Rule 78(b)(2)(D) (now codified at Local Rule 7.1(b)(2)(A)), as plaintiff did not raise this issue to the district court in his motion for reconsideration. See Sac & Fox Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir. 1995).