**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM H. PAYNE,

      Plaintiff-Appellant,

v.

NATIONAL SECURITY AGENCY,

      Defendant-Appellee.

No. 00-2019
(D.C. No. CIV-97-266-SC)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant William H. Payne appeals from the district court's order granting summary judgment on his complaint pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to defendant-appellee National Security Agency (NSA). Payne offers no substantive argument in opposition to the conclusions reached by the district court on the FOIA issues. He contends only that the district court should not have entered summary judgment because it denied him a jury trial to which he was entitled under the Seventh Amendment to the United States Constitution and Fed. R. Civ. P. 38. We affirm.

Assuming without deciding that the Seventh Amendment entitled Payne to a jury trial on his FOIA claim, the district court did not deny him that right by entering summary judgment against him. It is well-settled that the Seventh Amendment is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury. See City of Chanute v. Williams Natural Gas Co., 955 F.2d 641, 657 (10th Cir. 1992) (citing Fidelity & Deposit Co. v. United States, 187 U.S. 315, 319-20 (1902)), overruled on other grounds by Systemcare, Inc. v. Wang Lab. Corp., 117 F.3d 1137, 1145 (10th Cir. 1997); see also In re TMI Litig., 193 F.3d 613, 725 (3d Cir. 1999), cert. denied, 120 S. Ct. 2238 (2000).

Payne raises no argument on the merits to show that the district court's entry of summary judgment was improper. We will not attempt to fashion

arguments for Payne.[1] See Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

---

[1] Payne also includes an allegation that he was entitled to a jury trial under Fed. R. Civ. P. 38. Rule 38, however, simply states that Seventh Amendment or statutory rights to jury trial shall be preserved in the federal courts. The entry of summary judgment here infringed neither such right.