UNITED STATES of America,
Plaintiff–Appellee,

v.

Marilyn T. TOTZKAY, also known as Marilyn T. Totzkay–Gilman,
Defendant–Appellant.

No. 01–1479.

United States Court of Appeals,
Sixth Circuit.

Oct. 26, 2001.

Before MARTIN, Chief Judge; DAUGHTREY, and MOORE, Circuit Judges.

## ORDER

Marilyn T. Totzkay, a Michigan resident proceeding pro se, appeals the district court's summary judgment for the United States in its action to recover a defaulted student loan, insured by the government under the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In its complaint, the government alleged that, in June 1983, Totzkay defaulted on the repayment terms of a student loan. In January 1995, the United States, as guarantor of the loan, accepted assignment of the claim but has received no payments toward the debt. The government sought judgment against Totzkay in the amount of $6,450.17, representing principal and interest through June 5, 2000, plus additional interest and filing fees. Totzkay, through counsel, filed an answer in which she claimed that the debt had been discharged by the United States Bankruptcy Court, Southern District of California, in 1983. In the alternative, Totzkay claimed that repayment of the debt at this time would create an undue burden. No other affirmative defenses were raised.

The United States filed a motion for summary judgment on the grounds that Totzkay's student loan was nondischargeable, she had provided no judicial determination that the loan was in fact discharged, and that there was no genuine issue as to any material fact in this case. When no response to the summary judgment motion was received within the 28 days provided by local rule, the district court issued an order granting Totzkay an additional 14 days to respond and warning that her failure to do so could result in the entry of an order granting the government's motion.

In an opinion filed on February 23 and entered on February 27, 2001, the district court noted that the 14-day deadline had passed and Totzkay had still not responded to the government's motion for summary judgment. Turning to the merits of the case, the district court found that there was no evidence in the record that Totzkay had obtained a judicial determination of undue hardship so as to discharge her student loan debt. Because Totzkay had failed to controvert the allegations set forth in the complaint and there was no evidence to support her claim of discharge, the court granted the government's summary judgment motion. A separate order and judgment was entered the same day.

On appeal, Totzkay, proceeding pro se, argues that: (1) she was improperly denied a jury trial; (2) the district court failed to consider the effect of the statutes of limitations for New York and California; and (3) the attorney and judge in her bankruptcy case failed in their duty to inform her that her student loan was nondischargeable. In a rambling argument, Totzkay challenges the very existence of the debt based, apparently, upon the United States' abandonment of the gold standard. Finally, Totzkay claims that the U.S. Supreme Court has original jurisdiction over this action.

Upon review, we affirm the judgment for the reasons stated by the district court. This court reviews *de novo* a district court's grant of summary judgment. *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir.2001). Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*, Fed.R.Civ.P. 56(c). The court must consider the pleadings, answers to interrogatories, admissions on file, and affidavits in the light most favorable to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson*, 250 F.3d at 405. "However, the party opposing the motion may not rely solely on the pleadings and must adduce more than a mere scintilla of evidence; if the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." *Thompson*, 250 F.3d at 405.

■ Totzkay failed to provide *any* evidence whatsoever to dispute the government's position that her student loan debt had *not* been discharged in bankruptcy. Totzkay does not claim, even on appeal, that she ever requested or was granted a judicial determination that repayment of her loan would constitute undue hardship such that it should be discharged. Thus, because Totzkay admitted the fact of the loan itself and does not dispute her default in repayment, there is no genuine issue as to any material fact in this case and the United States is entitled to judgment as a matter of law.

■ Totzkay specifically argues on appeal that the district court improperly denied her Seventh Amendment right to a jury trial in a civil case. This argument is wholly without merit. It is well-settled that when there are no properly controverted factual issues, no jury trial is required. *Fidelity & Deposit Co. of Md. v. United States*, 187 U.S. 315, 319–20, 23 S.Ct. 120, 47 L.Ed. 194 (1902); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir.1996).

Totzkay's statute of limitations argument also fails. Even if it is assumed that either the New York or California limitations period is applicable to this case, the statute of limitations is an affirmative defense that is waived if, as here, it is not raised in the first responsive pleading. *See* Fed.R.Civ.P. 8(c); *Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir.1988).

Finally, Totzkay's claims that this country's abandonment of the gold standard somehow nullifies her debt and that jurisdiction over this action lies only in the U.S. Supreme Court are raised for the first time on appeal and are patently meritless.

Accordingly, the district court's judgment, entered on February 27, 2001, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.