Tom BYRNES, Plaintiff–Appellant,

v.

LOCKHEED MARTIN CORPORA-TION; Deirdre Wong; Larry Mayer; Jim Schnepp, Defendants–Appellees.

No. 06–15266.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2007.*

Filed Nov. 13, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stanley G. Hilton, Esq., Law Office of Stanley G. Hilton, San Jose, CA, for Plaintiff–Appellant.

John C. Cook, Esq., Michael E. Wilbur, Esq., Cook & Roos, LLP, San Francisco, CA, for Defendants–Appellees.

Before: HUG, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM **

**1.** In this diversity action, the district court properly granted summary judgment in favor of the defendants. Although Byrnes arguably establishes a *prima facie* case of disability discrimination

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940 *et seq.*, he cites no admissible evidence that Lockheed's proffered reasons for his termination, including sexual harassment of a co-worker, disregarding supervisors' directives, showing hostility toward a department head, and suggesting by veiled threat he might "go postal," were a pretext for illegal discrimination. *See Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 355–56, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000).

■ **2.** Byrnes' cause of action for wrongful discharge in violation of public policy likewise is amenable to summary judgment. The only public policy inferentially alleged to have been violated was FEHA, and since that claim presented no genuine issue of material fact, the district court's dismissal of Byrnes' public policy claim was appropriate. *See Sequoia Ins. Co. v. Superior Ct.*, 13 Cal.App.4th 1472, 1480, 16 Cal.Rptr.2d 888 (1993).

■ **3.** The district court did not err in granting summary judgment as to Byrnes' implied employment contract claim. Byrnes suggested that he was more than an at-will employee by referring to Lockheed's written personnel policies and disciplinary procedures. However, he neither summarized those policies nor attached them for the district court to review. Notably, Byrnes signed an employment application that reflected his understanding that "my employment will be at the will of the company" and a "hire notice" providing that "I acknowledge no representations or assurances have been given to me with respect to the duration of my employment." As a result, no triable issue of fact is present with respect to this cause of action.

■ **4.** Byrnes is unable to cite to evidence that his supervisors made false rep-

resentations to him concerning the conditions of his employment such as he would not be fired without cause, would receive fair treatment and support, and would not be discriminated against based on disability and age. *Philipson & Simon v. Gulsvig*, 154 Cal.App.4th 347, 363, 64 Cal. Rptr.3d 504 (Cal.Ct.App.2007). The district court therefore correctly granted summary judgment in the defendants' favor on this claim.

■ **5.** No triable issue of fact requires a jury to resolve Byrnes' defamation claim. The challenged statements, even if published by co-workers, were substantially true and therefore state no cause of action under state tort law. *See* Cal. Civ.Code §§ 45, 46.

■ **6.** The district court did not err in dismissing Byrnes' intentional infliction of emotional distress claim. Since Byrnes failed to cite record evidence demonstrating that the defendants' conduct transcended ordinary workplace behavior, his claim is effectively barred by California's workers' compensation system. *See Fermino v. Fedco, Inc.*, 7 Cal.4th 701, 714, 30 Cal.Rptr.2d 18, 872 P.2d 559 (Cal.1994).

■ **7.** Byrnes' contention that the summary judgment standard under Federal Rule of Civil Procedure 56 violates the Seventh and Fourteenth Amendments to the United States Constitution lacks merit. Such claims have been rejected for more than one hundred years. *See Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 23 S.Ct. 120, 47 L.Ed. 194 (1902); *Burks v. Wisconsin Dep't. of Transp.*, 464 F.3d 744, 759 (7th Cir.2006) (stating that "[t]he Supreme Court has made it abundantly clear that summary judgment has a proper role to play in civil cases, and thus granting summary judgment does not violate a plaintiff's right to due process. We also have stated that summary judgment and Federal Rule of Civil Procedure 56 do not

violate the Seventh Amendment, as this argument ... flies in the face of firmly established law.") (internal citations and quotations omitted).

8. Because the outcome of this appeal was obvious, sanctions are warranted under Federal Rule of Appellate Procedure 38. *Aloe Vera of Am., Inc. v. United States,* 376 F.3d 960, 965 (9th Cir.2004). Byrnes offered no admissible evidence in support of his causes of action. Moreover, his contention that the summary judgment standard is unconstitutional is wholly without merit. Finally, the district court imposed sanctions, which Byrnes does not contest on appeal.

The district court's grant of summary judgment is **AFFIRMED,** the defendants' motion for sanctions for a frivolous appeal is **GRANTED,** double costs are awarded on appeal, and the matter is **REFERRED** to the Appellate Commissioner for determination of a just amount for sanctions.