NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN ANDREW LAIGO III, | No. 19-35517 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01541-TSZ |
| v. | |
| KING COUNTY; URQUHART, Mr.; Sheriff KCCF; MARCUS WILLIAMS, Mr.; Capt. KCCF; BENJAMIN SANDERS, M.D., Director, Mr.; Director of Medical Services, KCCF; CATHRINE SCHEODER, Ms.; ARNP, Medical care provider for Mr. Laigo, named in Complaint; CARLYN MICHELS, Ms.; RN who initially assisted Ms. Scheoder as well as Ms. Loise Wanjohi; LOISE WANJOHI, Ms.; RN; CHRISTOPHER DERRAH, RN; RODOSTING DECHEVA, RN; TERRA BOWLES, Ms.; MD; JENNIFER JONES-VANDERLEEST, Ms.; MD; NANCY LEDGERWOOD-VANVLECK, ARNP; PAMELA DUNDERDAL, RN; TINA CHOE, RN; CARLYN VERTOCCI, DDS; CYNTHIA KALKA, RN; MONICA MANLEY, RN; MARIA LANTADA, RN; MICHAEL VELASQUEZ, RN; BEHAUDEN OMER, RN; ELAINE HENRIKSEN, ARNP; GABRIALA DIEBATE, RN; SUEANNE BRENT, RN; HAYAT OMER, RN; YUKIO KIMURA, | MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Officer; NORMAN LEON WALTON, Officer; PETER JOSEPH FISHER, Officer; LEE ROY MCCLELLAND, Officer; CHAD RANDALL LENGYEL, Officer; ERIC BURROWS, Officer; GARY STEVEN TOWNE, Officer; JOHN FAAFAGA LEIMBACH, Officer; SONYA K. WEAVER, Officer; MICHAEL HERBERT GOODMAN, Officer; MICHAEL JUSTIN GARCIA, Officer; LAWRENCE DAVID REIS, Officer; MANGINDER SINGH CHANA; THOMAS EDWARD BROWN, Officer; STEVEN SPADONI, Officer; CAMERON WILSON WALKER, Officer,

Defendants-Appellees,

and

KING COUNTY JAIL; HARBORVIEW MEDICAL CENTER; SAGI, Dr.; Acting Physician; CUSTODY OFFICERS, King County Jail; TRANSPORT OFFICERS, King County Jail; SUPERVISORS, King County Jail; JAIL HEALTH SERVICES NURSES AND PROVIDERS,

Defendants.

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted November 9, 2020[**]
San Francisco, California

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

Benjamin Andrew Laigo, III, appeals from the district court's grant of summary judgment to King County and 39 of its individual employees (together, "King County"). As the facts are known to the parties, we repeat them only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291.

I

A

Laigo characterizes King County's alleged wrongs as Eighth Amendment violations. Because the complained-of conduct occurred during *pretrial* detention, the rights he asserts would derive from the *Fourteenth* Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Because Laigo is a *pro se* prisoner, we liberally construe his pleadings as though they *had* properly alleged Fourteenth Amendment violations. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

To establish such violation, Laigo would need to show King County acted with "objective deliberate indifference" to his "serious medical needs." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018).

B

Laigo fails to locate "objective deliberative indifference" in King County's denial of his requests to prescribe certain opiate pain medications, the timetable set for his transition from a wheelchair to crutches, or the fact that physical therapy

3

was provided by outside specialists (rather than on-site in jail). King County offered ample evidence of such medical decisions' objective soundness. Laigo proffered no evidence to the contrary. Rather, his allegations express his *personal disagreement* with such decisions. But mere difference of opinion between an inmate and medical authorities regarding proper treatment does not constitute "deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Thus, the district court did not err in holding that King County did not act with "[m]edical deliberate indifference."

## II

Nor is Laigo availed by the other, miscellaneous legal theories toward which he gestures: His argument that the district court mis-applied the legal standard for ruling on cross-motions for summary judgment, is inapposite. Laigo did *not* file a cross-motion for summary judgment, or even a response to King County's motion for summary judgment. His argument that the district court's grant of summary judgment violated his right to civil jury trial, is meritless. It is firmly established that summary judgment does not violate the Seventh Amendment. *E.g.*, *Fidelity & Deposit Co. v. U.S.*, 187 U.S. 315, 320 (1902).

**AFFIRMED.**

4