[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13276

Non-Argument Calendar

_____

JOE HAND PROMOTIONS, INC.,

Plaintiff-Appellee,

*versus*

ANDRE BARBER,
individually, and as an officer, director, shareholder,
member and/or principal of John Doe Entity d/b/a Blue Bar &
Grill,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:18-cv-01015-WKW-SMD

_____

Before JORDAN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Andre Barber appeals the district court's order denying his motion to vacate the judgment in favor of Joe Hand Promotions, Inc. Barber argues that the judgment was void because the district court awarded statutory damages without a jury trial, in violation of his Seventh Amendment jury trial rights. After careful review, we affirm.

Joe Hand purchased the exclusive distribution rights to a boxing match. The company sued Barber for piracy and copyright infringement, alleging that Barber unlawfully displayed the boxing match at his bar without a license. Barber denied the allegations and demanded a jury trial.

Eventually, Joe Hand moved for summary judgment on the copyright infringement claim and requested $20,100 in statutory damages. Barber, in response, filed a flurry of other motions—three motions to strike affidavits, a motion to dismiss the complaint for lack of standing, and his own motion for summary judgment.

The district court denied Barber's motions to strike and referred the remaining motions to the magistrate judge. The magistrate judge recommended granting summary judgment for Joe

Hand, denying Barber's motions, and awarding Joe Hand $15,000 in statutory damages. Barber objected to this recommendation but failed to object that he was denied a jury trial on statutory damages. The district court overruled his objections, adopted the magistrate judge's recommendations, and entered judgment in Joe Hand's favor, including a $15,000 statutory damages award. Barber moved to vacate the judgment, arguing—for the first time—that the judgment's damages award violated his right to a jury trial. After concluding that Barber failed to present newly discovered evidence or clear error resulting in manifest injustice, the district court denied the motion.

Barber appealed the judgment and the district court's order denying his request to vacate it. While on appeal, the parties settled the case. Barber then moved the district court for an indicative ruling stating that the district court would vacate the judgment on remand. In response, Joe Hand acknowledged the parties' settlement but requested that the district court grant relief from judgment rather vacate it. The district court entered an indicative ruling stating it would relieve Barber from the judgment on remand. We then remanded the case.

On remand, Barber moved to vacate the judgment under Federal Rule of Civil Procedure 60(b). He first argued that the judgment should be vacated under rule 60(b)(4) because its statutory damages award violated his Seventh Amendment right to a jury trial. He also argued that the judgment should be vacated under rule 60(b)(6) because the district court failed to consider certain

facts. Alternatively, he requested that the district court mark the judgment as satisfied. The district court denied Barber's request to vacate the judgment but granted his alternative request to mark it as satisfied. Barber, again, appealed.

On this appeal, Barber argues that the district court erred in denying his request to vacate the judgment under rule 60(b)(4) because the judgment is void for violating his right to a jury trial on statutory damages. For two reasons, we disagree.

First, "failing to object to a magistrate judge's findings or recommendations . . . waives the right to challenge" the district court's judgment based on the "unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257–58 (11th Cir. 2017) (concluding that a party waived an argument on appeal by failing to raise the argument as an objection to a magistrate judge's report and recommendation), *abrogated on other grounds by Bostock v. Clayton County*, 590 U.S. 644 (2020). Here, the magistrate judge recommended awarding Joe Hand $15,000 in statutory damages and warned Barber that the failure to object waives his right to appeal. Barber filed an objection to this recommendation but failed to assert his right to a jury trial. He also did not assert this right in his flurry of motions in response to Joe Hand's motion for summary judgment, which clearly requested that the district court award statutory damages because there was no genuine dispute of material fact. Instead, Barber waited to raise the issue until after he lost and the district court entered judgment

against him.  On this record, Barber waived any challenge to the validity of the district court's judgment on his right to a jury trial.

Second, on appeal from a rule 60(b) order, we narrowly review "the propriety of the denial . . . of relief" rather than "issues in the underlying judgment." *Am. Bankers Ins. Co. v. Nw. Nat'l. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999) ("Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal."). Under rule 60(b)(4), a district court has discretion to provide relief when the judgment is void. Fed. R. Civ. P. 60(b)(4). But "[a] judgment is not void because it is erroneous." *William Skillings & Assocs. v. Cunard Trans., Ltd.*, 594 F.2d 1078, 1081 (5th Cir. 1979) (citation omitted). Instead, relief under this rule is appropriate "only in the rare instance" where the court lacked jurisdiction or the losing party was denied due process. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271–72 (2010).

Here, the district court had jurisdiction over Joe Hand's federal copyright infringement claim, *see* 28 U.S.C. section 1331, and provided Barber due process by providing him notice of the summary judgment proceedings and ample opportunity to be heard. *See Graham v. R.J. Reynolds Tobacco Co.*, 857 F.3d 1169, 1184 (11th Cir. 2017) (explaining that "the central features of due process" are "notice" and "an opportunity to be heard"). Even so, Barber argues that the judgment is still void because the district court erroneously entered summary judgment in Joe Hand's favor by awarding statutory damages despite Barber's jury trial demand. But the district court had the power to enter summary judgment without violating

Barber's Seventh Amendment right to a jury trial. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 336 (1979) (citing *Fid. & Deposit Co. v. United States*, 187 U.S. 315, 319–21 (1902)). Thus, Barber's alleged error is unlike the jurisdictional or due process defects that render a judgment void; instead, he raises a "mistake[] of law which could have been raised on direct appeal." *See Am. Bankers Ins. Co.*, 198 F.3d at 1338. Because the judgment was not void, we conclude that the district court did not abuse its discretion in denying relief under rule 60(b)(4).

Alternatively, Barber argues that the district court erred in denying his motion to vacate the judgment because he was entitled to relief under rule 60(b)(6)—the catchall provision. Under this provision, a district court has the discretion to relieve a party from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To even qualify, the movant must show extraordinary circumstances, and even then, the district court has discretion to deny relief. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (citation omitted). Here, Barber argued to the district court that the judgment should be vacated because the district court failed to consider certain facts before entering judgment in Joe Hand's favor. But error correction is not an extraordinary circumstance that warrants relief. *See Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) ("[T]he well-recognized rule precludes the use of a [r]ule 60(b) motion as a substitute for a proper and timely appeal." (quotation omitted)). Thus, we conclude that the district court did not abuse its discretion in denying Barber's motion to vacate under the catchall provision.

**AFFIRMED**.