NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0610n.06
Filed: August 22, 2006

No. 05-5711

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOSEPH BIELEFELD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| JANET M. HAINES; BRIAN K. HAINES; | ) | |
| METRO LOUISVILLE, dba Metro Louisville | ) | O P I N I O N |
| Police Department; CAROLYN NUNN, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: GILMAN and COOK, Circuit Judges; DOWD, Senior District Judge.[*]

**Per Curiam.** This is an action brought by the Plaintiff-Appellant Joseph Bielefeld pursuant to 42 U.S.C. § 1983 against Defendants-Appellees Janet Haines, Brian Haines, Louisville Metro Police Department and Carolyn Nunn, a detective in the Louisville Metro Police Department.

On May 23, 2002, the Plaintiff was indicted in the Jefferson County, Kentucky Circuit Court, Criminal Division, on one count of sexual abuse in the first degree based on the allegation that he subjected a young son of the Haines' to sexual contact in violation of Kentucky Revised Statute, § 510.110(1)(b)(2).

The Plaintiff was subsequently acquitted in a bench trial of the alleged crime and he now brings claims collectively under Title VII, 42 U.S.C. §§ 1983 & 1985, the Civil Rights Act of 1991,

---

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

and Kentucky Revised Statute § 344.  In addition to the statutory violations, he also alleges torts of malicious prosecution, false arrest, outrage, and slander.  Plaintiff initially brought a slander claim only against Brian Haines.  In his second amended complaint, Plaintiff added a  slander claim against  Janet Haines.

The district court, the Honorable Thomas B. Russell presiding, granted summary judgment in favor of Defendants on all claims and this appeal followed.

Two issues are presented on appeal: (1) Did the district court properly dismiss the slander claims because they were barred by the statute of limitations?  (2) Did the district court properly grant summary judgment to Defendants on the malicious prosecution claim?[1]

Because our answer to both questions is yes, we affirm.

In granting the motion for summary judgment, Judge Russell wrote an extensive opinion analyzing each of the claims.  He began his opinion with the following summary of evidence:

> Mr. Haines rented office space from Mr. Bielefeld.  Sometimes, Mr. Haines would bring his two sons down to his office.  Mr. Bielefeld had an office near Mr. Haines's office in the same building.  When Mr. Haines's children would come to his office, they often went to Mr. Bielefeld's office as well.  Mr. Bielefeld had toys in his office and he also had a computer that he let children use when they visited him. While using the computer, the children sat on Mr. Bielefeld's lap. Mr. Bielefeld claims that he kept his door open when children visited.

---

[1]The appeal lists only one issue presented for review, that summary judgment was wrongly granted because "the facts of the case were not taken in a light most favorable to the nonmovant[.]" Appellant's Brief at 2.  A generous reading of the appeal yields the two issues  identified above. *See also* Appellant's Summary of Argument, Br. at 13, where Appellant's counsel claims:  "First, Mr. Bielefeld's slander action is not barred by the one year statute of limitations as a statute of limitations was tolled until his injury became fixed . . . .  Secondly, Mr. Bielefeld has alleged specific and sufficient facts to defeat a motion for summary judgment for his malicious prosecution claims."

On May 9, 2002, Mrs. Haines was thinking about taking her children to her husband's office for a while. She asked her five year old son D.H. if Mr. Bielefeld had ever done anything weird. Then she asked D.H. if Mr. Bielefeld had ever played with D.H.'s butt. D.H. responded, "No, but he touched my pee-pee." Mrs. Haines called her husband Mr. Haines, told him about what D.H. said, and asked him to come home. When Mr. Haines got home, he put D.H. on his lap like Mr. Bielefeld allegedly did and either Mr. or Mrs. Haines asked D.H. if Mr. Bielefeld touched his belly. The child again told his parents that Mr. Bielefeld touched his "pee-pee" by placing his hand on the child's penis over the child's clothes. After this disclosure, Mrs. Haines, who is a detective with the Louisville Metro Crimes Against Children Sexual Abuse unit, called one of the sergeants in the department to report the abuse. Mr. and Mrs. Haines claim that they had no further involvement in the investigation, arrest, or decision to prosecute except as parents of the allegedly abused child.

D.H. was interviewed by Valleri Mason, a forensic interviewer at Children's First, and D.H. repeated his allegation that Mr. Bielefeld had touched his "pee-pee." D.H.'s allegations were investigated by Detective Nunn. After the investigation concluded, Detective Nunn testified about D.H.'s forensic interview to the grand jury. The grand jury indicted Mr. Bielefeld on one count of sexual abuse, and he was arrested by Detective Nunn and two other officers. At Mr. Bielefeld's criminal trial, the judge gave him a directed verdict and dismissed the charges.

April 7, 2005 Memorandum Opinion at 2-3, Joint Appendix ("JA") at 32-33.

Appellant claims that before the grand jury, Detective Nunn embellished D.H.'s claims as written in Mason's report. According to the report, D.H. said Appellant "touched" his penis while Nunn testified to the grand jury that Appellant "touched" D.H.'s penis and at another point stated that he "rubbed" it. JA at 90.

The frequency of the allegedly illegal contact was also an issue. Nunn testified to the grand jury that contact had occurred "between 10-15 times." JA at 91. The boy's father, Brian Haines, had told an investigator that D.H. was alone with Appellant in Appellant's office on 10-15 occasions. JA at 81. D.H. never stated that contact had occurred "between 10-15 times." However, the investigator included in her report that "the child stated that [Appellant] has also touched his pee-

3

pee 'lots of times' too." Report of Investigator Valleri Mason, JA at 95. At trial, D.H. testified that Appellant had touched his penis only one time. JA at 89.

This court reviews a district court's granting of summary judgment *de novo*. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 894-895 (6th Cir. 2004) (citing *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir.1996)). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. When considering a motion for summary judgment, "the inferences to be drawn from the underlying facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and admissions] must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the adverse party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

A. Slander

Appellant agrees that the applicable statute of limitations for his state-law slander claims against the Haines is one year from the date when the statements are made. Ky. Rev. Stat. 413.140(1)(d). As Appellant states in his brief: "In the past, the law has strictly been that the commencing of the running of the statute of limitations is when the slanderous statement is made." Appellant's Br. at 16. Appellant cites in support of this general rule *Caslin v. General Electric Co.*, 608 S.W. 2d 69 (Ky. Ct. App. 1980) and *Lashlee v. Sumner*, 570 F.2d 107 (6th Cir. 1978).

Appellant argues, however, that "there is a trend in Kentucky and in other states that the statute of limitations begins to run from the date that the injured party *learns* of the injury or wrong

doing giving rise to the cause of action." Appellant's Br. at 16. In support of this argument, Appellant cites *Pedigo v. Breen*, 169 S.W. 3d 831 (Ky. 2004). In *Pedigo*, plaintiff alleged that an attorney's loss of her medical records caused her to enter into a subsequent settlement for less than the claim's true value. The Kentucky Supreme Court reversed the Court of Appeals' ruling in favor of the attorney and concluded that in an action for professional negligence, a "claim does not accrue until there has been a negligent act and until reasonably ascertainable damages are incurred." 169 S.W.2d at 833 (citation omitted). Appellant argues that damages could not be fixed on his slander claims until the criminal trial ended and hence the statute of limitations should be tolled.

Appellant offers no citations of authority for the proposition that under Kentucky law, the statute of limitations for a slander action is tolled pending a final determination of damages. Nor should it be. In the *Pedigo* case, an element of the damages suffered by the plaintiff in an attorney malpractice case depended upon the resolution of a later proceeding before damages could be fixed.

In this case, the slanderous statements attributed to the Haines were made shortly after the initial reporting of the alleged incidents to authorities. Once the statements were made, the statute began to run. In fact, Appellant is claiming damages not from these statements, but from the trial which was prosecuted not by the Haines but by the other Appellees in this matter. The slander claims against the Haines were properly dismissed and the district court's judgment is affirmed.

B. Malicious Prosecution Claims

The district court discerned that Plaintiff had alleged both a state law malicious prosecution claim and a Section 1983 claim for malicious prosecution based on the Fourth Amendment. This

court concludes that summary judgment was properly granted on both of these claims. Because the reasons to affirm the state and federal claims are similar, these two claims are considered together.

In Kentucky, a claimant must prove all of the following six elements to establish a state-law malicious prosecution claim:

(1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings,
(2) by, or at the instance of, the plaintiff,
(3) the termination of such proceedings in defendant's favor,
(4) malice in the institution of such proceeding,
(5) want or lack of probable cause for the proceeding, and
(6) the suffering of damage as a result of the proceeding.

*Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981). Further, the prerequisites for maintaining the action are "strict" due to the public policy considerations in favor of the exposure of crime. *Id.*

Previously, a claim of malicious prosecution was actionable under Section 1983 where all elements of the state law tort were present and probable cause was lacking as defined by the Fourth Amendment. However, the elements of a malicious prosecution claim under Section 1983 no longer rely upon varying state laws within the circuit. *Coogan v. City of Wixom*, 820 F.2d 170 (6th Cir. 1987), *overruled*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001). Instead, following the United States Supreme Court decision in *Albright v. Oliver,* 510 U.S. 266 (1994), this circuit has recognized a Section 1983 claim for malicious prosecution based on the Fourth Amendment. Probable cause for the allegedly offending arrest and prosecution remains a chief defense to that claim. *Thacker v. City of Columbus*, 328 F.3d 244 (6th Cir. 2003); *Darrah v. City of Oak Park*, 255 F.3d 301 (6th Cir. 2001).

The district court properly granted summary judgment on the malicious prosecution claims as to Janet and Brian Haines. At most, Appellant contends that the Haines reported the alleged incidents. There is no evidence submitted to hold the Haines responsible for commencing criminal proceedings under either Kentucky law or the Fourth Amendment.

As to the Louisville Police Department and Detective Nunn, there is sufficient evidence of probable cause to support the arrest and indictment. The existence of probable cause for an arrest and prosecution defeats a Section 1983 claim under the Fourth Amendment. *Braley v. City of Pontiac*, 906 F.2d 220 (6th Cir. 1990). Likewise, the fifth factor of Appellant's state-law claim requires evidence demonstrating a lack of probable cause. *Raine v. Drasin*, *supra*.

Appellant agrees that Judge Russell correctly stated the law that "an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause." Appellant's Br. at 22. *See Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). Appellant instead argues that the fairness of the grand jury proceedings was tainted by Detective Nunn's alleged "lies" related to the detective's testimony that Appellant "rubbed" D.H.'s penis and the frequency of those alleged incidents.

Appellant argues that taking these two facts in a light most favorable to Appellant would be sufficient to defeat Defendants' motion for summary judgment on both the state-law and Section 1983 malicious prosecution claims. The issue to be determined at trial would be whether Detective Nunn committed perjury or otherwise defrauded the grand jury. *See Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988). Appellees cite *Commonwealth v. Baker*, 11 S.W.3d 585 (Ky. App. Ct. 2000), for the proposition that courts will not look behind an indictment to the evidence

presented to the grand jury unless the challenging party can show a flagrant abuse of the grand jury process. While Appellant does not provide a legal standard for determining when the proceedings are tainted for either his federal or state-law claim, he does state that "[h]er testimony is tainted with her total and reckless disregard for the truth, making the grand jury indictment insufficient to establish probable cause." Appellant's Br. at 23.

Using any of the standards indicated above, including reckless disregard for the truth, there was insufficient evidence submitted by Appellant to the district court to survive Defendants' Motion for Summary Judgment.

As the record demonstrates, Detective Nunn said that such violations occurred "between 10-15 times" rather than reciting what the report said, which is that Appellant touched D.H.'s penis "lots of times, too." JA at 95. The district court concluded that the statement was not false and was not deliberately reckless with the truth. Because the report said "lots of times," the difference between the statements is immaterial. Although D.H. stated at trial that there was only one touching, the challenged grand jury testimony and the report upon which it was based did not have that benefit of that statement.

"Touching" and "rubbing," as Detective Nunn testified, is more than "touching" as written in the report. However, the report also recites that while Appellant was touching D.H., the boy stated that Appellant's "knees were going up and down slowly." JA at 94. At another point in the interview, the interviewer asked:

> "You were sitting on his legs and they were going up and down slow, did you feel anything?" The child stated, "Yeah, him touching my pee-pee." This interviewer

No. 05-5711
*Bielefeld v. Haines, et al.*

> asked, "Did his hand stay still, move around, or do something different?" He stated, "It just stayed there."

Report of Valleri Mason, JA at 94.

The district court concluded that because Detective Nunn testified there was a touching, it was sufficient for a grand jury indictment because touching, rather than rubbing, is all the contact that is required for the Kentucky criminal statute under which Appellant was charged, i.e. first degree sexual abuse. Ky. Rev. Stat. Section 510.110(1)(b)(2).

Appellant has not established facts sufficient to create a material issue of fact for resolution on the issue of the fairness of the grand jury proceedings. Accordingly, the district court also properly granted summary judgment to the Louisville Police Department and Detective Nunn on the federal and state-law claims of malicious prosecution.

Judgment AFFIRMED.

9