**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0178n.06
Filed: April 2, 2008

**No. 07-5552**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

THOMAS COOK, )
           )
           Plaintiff-Appellant, )
           )
           v. )
           )
EDWIN MCPHERSON; MARK BENDER, )
           )
           Defendants-Appellees. )

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

---

BEFORE: MARTIN, GIBBONS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Plaintiff Thomas Cook appeals the district court's order granting summary judgment in favor of defendants, Chattanooga Police Officers Edwin McPherson and Mark Bender, on Cook's claims of malicious prosecution, false arrest, false imprisonment, and excessive force. Cook argues that the district court erred in granting summary judgment to defendants on his malicious prosecution claim and that summary judgment as applied to him was unconstitutional. Finding no merit to Cook's claims, we affirm.

I.

On October 26, 2002, Cook brought his family to a suburban Chattanooga restaurant for dinner. When he arrived, another party confronted him while he sat inside his car. After responding

to the party from inside his vehicle, Cook let his family out of the car, parked the vehicle, and joined his family inside the restaurant. During this time, the other party called the Chattanooga Police Department and claimed that Cook had flashed a knife and was threatening to use it.

Defendants McPherson and Bender responded to the call and approached Cook at the restaurant. They asked him whether he was carrying a knife and he admitted that he was. Defendants then grabbed Cook's hands and put them behind his head. After securing Cook's hands, defendants pushed him head-first through the restaurant's door, then drove him toward the ground, with his face to the pavement. As defendants handcuffed him, one of the officers stuck his knee into Cook's back.

As a result of this encounter, Cook was charged and indicted in the Criminal Court of Tennessee for aggravated assault (of the party outside the restaurant), assault (of Officer McPherson), resisting arrest, and carrying a weapon. On May 13, 2004, a jury convicted Cook of all counts but the charge of assault against defendant Officer McPherson. There is no evidence in the record that these convictions have been reversed, expunged, or otherwise overturned.

On May 10, 2005, Cook filed his complaint pursuant to 42 U.S.C. § 1983 in federal district court against defendants McPherson and Bender, alleging claims of false arrest, false imprisonment, malicious prosecution, and excessive force. Defendants moved for summary judgment. The district court granted defendants' motion, holding that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), barred Cook's claims of false arrest, false imprisonment, and excessive force,

and that Cook's indictment on the charge of assault against Officer McPherson foreclosed his claim of malicious prosecution.

This timely appeal followed.

## II.

In his primary assignment of error, Cook argues that the district court improperly granted defendants' motion for summary judgment on his malicious prosecution claim. In order to succeed in a malicious prosecution claim brought pursuant to 42 U.S.C. § 1983, Cook must show that his prosecution was initiated without probable cause. *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007). The district court granted summary judgment to defendants on Cook's malicious prosecution claim, reasoning that although Cook was ultimately acquitted on the charge, he had nevertheless been indicted:

> Here, there is no genuine issue of material fact as to whether Plaintiff was indicted by a Tennessee grand jury on the charges of assault on Defendant McPherson – he was. "[I]t has been long settled that the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Barnes* [*v. Wright*], 449 F.3d [709] at 716 [(6th Cir. 2006)]. As a matter of law, Plaintiff's indictment is dispositive of his § 1983 malicious prosecution claim, notwithstanding his allegations – however bare – of improper testimony in front of the grand jury.

Cook argues that, despite our holding in *Barnes*, his indictment should not prohibit his claim because, under TENN. CODE ANN. § 40-12-101 *et seq.*, he did not have the opportunity to provide evidence before the grand jury. Pointing out that only McPherson and Bender were able to offer their account of the arrest to the grand jury, Cook argues that "it would be proper for a jury, not the District Judge, to make a finding as to whether the actions of the Defendants were malicious or not."

"Where the testimony of the Defendant themselves [sic] is the only testimony heard by a Grand Jury to support a charge prior to indictment," reasons Cook, "this in itself should not automatically allow the Defendants to create their own probable cause."

We reject Cook's argument. First, the district court correctly invoked the holding in *Barnes* that "'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer.'" *Barnes*, 449 F.3d at 716 (quoting *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)); *see also Harris v. United States*, 422 F.3d 322, 327 (6th Cir. 2005) (observing that under Ohio law, an indictment is "*prima facie* evidence of probable cause and a plaintiff must bring forward substantial evidence to rebut this" to succeed on a malicious prosecution claim) (internal quotation omitted); *Hubbard v. Gross*, 199 F. App'x 433, 441 (6th Cir. 2006) (holding that defendants were entitled to qualified immunity on plaintiff's malicious prosecution claim because plaintiff had been indicted); *Bielefeld v. Haines*, 192 F. App'x 516 (6th Cir. 2006) (observing *Higgason* and holding that appellant's malicious prosecution claim failed where appellant was indicted by grand jury).

Moreover, a defendant is generally not entitled to present evidence before a grand jury, whether it is a federal or a Tennessee grand jury. *See* FED. R. CRIM. P. 6(d) (identifying who may be present during grand jury proceedings); TENN. CODE ANN. § 40-12-207 (identifying persons

permitted to be present during investigative grand jury proceedings).[1] *See also United States v. Williams*, 504 U.S. 36, 51 (1992) (holding that courts have no authority to prescribe a rule that would require a prosecutor to present exculpatory evidence to a grand jury). Cook has not identified anything unique about the Tennessee grand jury process that suggests a deviation from *Barnes* is appropriate, and we conclude that *Barnes* is dispositive of Cook's argument.

## III.

Cook next contends that the indictment does not foreclose his malicious prosecution claim because, he claims, Officers McPherson and Bender may have testified untruthfully before the grand jury. An exception to the *Barnes* rule applies where the indictment was obtained wrongfully by defendant police officers who knowingly present false testimony to the grand jury. *Hinchman v. Moore*, 312 F.3d 198, 202-03 (6th Cir. 2002) (noting that a grand jury indictment does not foreclose a subsequent civil action for malicious prosecution where there is evidence of false statements or misrepresentations by law enforcement officials during the criminal proceeding); *see also McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006) ("If plaintiff is to succeed in his malicious prosecution action after he has been indicted, he must establish that the indictment was produced by fraud,

---

[1] In *Barnes*, the appellant was indicted in Kentucky state court, which allows grand jurors in their discretion to hear a defendant's presentation of his defense. KY. R. CR. P. 5.08. Grand jurors, however, are not required to allow a defendant to provide evidence. *Id.* Nevertheless, neither the *Barnes* court, nor any other court from our circuit that has applied the rule that a grand jury indictment establishes probable cause and therefore precludes a successful malicious prosecution claim, has relied upon such a distinction to uphold the general rule. Cook has not pointed to any cases from this or any other circuit to support his claim.

perjury, the suppression of evidence or other police conduct undertaken in bad faith.") (quotation omitted).

Cook argues that the exception applies here, suggesting that Officers McPherson and Bender did not testify in good faith before the grand jury. Nevertheless, he offers absolutely no evidence – other than his eventual acquittal on the assault charge – to support that assertion. Cook's failure to point to any evidence supporting his claim precludes him from succeeding under this exception. *Rothstein v. Carriere*, 373 F.3d 275, 283 (2d Cir. 2004) (reversing jury verdict for plaintiff and remanding with instruction to enter judgment for defendant on plaintiff's malicious prosecution claim where plaintiff was indicted and failed to offer evidence that the indictment was obtained by fraud or other police misconduct).

Accordingly, we hold that the district court did not err in granting summary judgment to defendants on Cook's malicious prosecution claim.

IV.

Finally, Cook argues that the "Sixth Circuit interpretation of application of the Summary Judgment rule [sic] probably is unconstitutional." For support, Cook cites Professor Suja Thomas's recent article, *Why Summary Judgment is Unconstitutional*, 93 VA. L. REV. 139 (2007). Although the historical examination that Professor Thomas provides is interesting, Cook has not made any attempt to apply the analysis in Professor Thomas's article to the facts of this case or to explain how the summary judgment process was applied unconstitutionally. The Supreme Court has held that summary judgment is constitutional, *see Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 (1979)

(citing *Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 319-21, for support of the proposition that summary judgment does not violate the Seventh Amendment), and it has continued to apply the Rule 56 summary judgment standard. *See, e.g., Beard v. Banks*, 548 U.S. 521 (2006). Thus, it would be inappropriate for us to hold that the summary judgment standard is unconstitutional.

V.

For these reasons, we affirm the order of the district court granting summary judgment in favor of defendants.