**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0536n.06

No. 09-5738

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 20, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| GARY L. LOVE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| ELECTRIC POWER BOARD OF CHATTANOOGA, | ) | |
| EPB, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: NORRIS, ROGERS, and WHITE, Circuit Judges.

ROGERS, Circuit Judge. Plaintiff Gary L. Love appeals the district court's grant of summary judgment to defendant Electric Power Board of Chattanooga (EPB) in this action alleging age discrimination, retaliation, and hostile work environment claims. The district court, however, properly granted summary judgment on all of Love's claims.

According to Love's filings, the relevant facts are as follows: In 2006, Love was an Engineering Technician in EPB's new business group, and his direct supervisor was Sam Stephens; Stephens' supervisor was manager Judy Burnett; and Burnett's supervisor was vice president Diana Bullock. Love believed that Burnett and Bullock scared other employees, threatened them with suspension and termination, and had a confrontational management style. Love informed Stephens that he planned to attend the Daytona 500 on Sunday, February 19, 2006 and take vacation on the following Monday and Tuesday, February 20 and 21, 2006. Love failed to log this vacation in EPB's

group computer calendar, however, and Burnett scheduled a mandatory training session for the new business group on February 20 and 21. When Love informed Burnett of his planned vacation, she confirmed that the vacation was not recorded in EPB's calendar and she informed Love and the rest of the group via email that the training was mandatory. Love replied to Burnett's email via the "reply all" function and, in an email sent to all the recipients of Burnett's original email, requested that EPB reimburse him for $1,600 he had spent for his vacation. Burnett and Love met to discuss this email, and particularly the fact that it was sent to the entire new business group, and Burnett warned Love in writing that she expected a significant change in his behavior and that a repeated incident could result in suspension or termination. During the next few days, Love sought permission from Burnett's superiors to miss the training. He received no response and inferred that he could not take the vacation because he had failed to enter it in EPB's calendar. Around that time Love applied for a transfer to an Engineering Technician position in a different EPB group. His application was denied.

Love was absent from work on February 16 and 17, 2006. Although Love told Stephens that he would be absent those days and that he was substituting those vacation days for his now-cancelled vacation on February 20 and 21, Love did not log these substitute vacation days in EPB's calendar. Love returned to work on February 20, 2006, and attended the training. Bullock, Stephens, and Burnett met with Love and informed him that he had not had permission to take vacation February 16 and 17, and Bullock suspended his employment. In meetings with EPB officials during his suspension, Love attempted to bring a union representative, although he is not a union member, and he attempted to tape record the parties' discussions.

After Love returned from suspension, EPB began requiring all employees to provide their supervisors daily logs of the employee's activities. EPB also put global positioning system (GPS) devices in EPB cars, including Love's. Love's daily logs differed dramatically from his GPS reports. In particular, the GPS reports indicated that Love was near his home when his daily log indicated that he was doing EPB work elsewhere. EPB terminated Love's employment after discovery of these discrepancies.

In this action, Love claims age discrimination based on EPB's termination of his employment and denial of his transfer request. Love also alleges that EPB's termination of his employment was part of a pattern or practice of eliminating employees over 50 years old, that EPB had created a hostile work environment, and that EPB had retaliated against him. The district court granted EPB summary judgment on all claims. *Love v. Elec. Power Bd. of Chattanooga*, No. 1:07-cv-80, 2009 WL 1514436 (E.D. Tenn. May 29, 2009). The district court held that Love failed to create a genuine issue of material fact that he suffered age discrimination in the termination of his employment because Love did not show he was replaced by a younger worker. *Id.* at *7. The district court held that Love failed to create a genuine issue of material fact that he was subject to a pattern or practice of age discrimination in the termination of his employment because his supporting evidence—a chart purportedly showing persons no longer employed by EPB—failed to show that allegedly discriminatory acts were more than merely accidental or isolated, or that EPB's actions were motivated by an employee's age. *Id.* The district court held that Love had failed to create a genuine issue of material fact that EPB engaged in age discrimination in denying his transfer request because the transfer denial, as a lateral move, was not an adverse employment action. *Id.* at *8-9. The

district court held that Love failed to create a genuine issue of material fact that EPB subjected him to a hostile work environment because his filings contained "no factual account of specific instances of harassment or being subject to a hostile work environment." *Id.* at *9-10. The district court held that Love failed to state a retaliation claim because he failed to identify a constitutional, statutory, or common law basis for that claim and that, even assuming Love had stated an ADEA retaliation claim, Love failed to create a genuine issue of material fact that EPB had retaliated against him because Love's complaints allegedly leading to retaliation did not relate to an ADEA violation. *Id.* at *10-11. Love appeals this decision.

Love failed to raise a triable issue of fact that EPB engaged in age discrimination by terminating his employment. To establish a prima facie case for this claim, the plaintiff must demonstrate, among other elements, that he was replaced by a "significantly younger person," *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003), or that he was treated differently from similarly situated employees outside the protected class, *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008). "[A] person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among existing employees already performing related work." *Barnes v. GenCorp, Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to demonstrate a legitimate, nondiscriminatory reason for the action, and if the defendant demonstrates this reason, the plaintiff must "produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Grosjean*, 349 F.3d at 335.

As the district court held, Love failed to raise a triable issue of fact in this claim because he failed to show that he was replaced by a significantly younger employee. Even assuming Love established a prima facie case, EPB demonstrated a legitimate, non-discriminatory reason for terminating Love's employment—Love's unauthorized absences and ongoing insubordination—and Love has failed to create a triable issue of fact that this reason is a pretext for discrimination. Love acknowledged conflicts with Burnett based on his failure to list his vacation in the group calendar and his "reply all" reimbursement request. Love then missed two workdays without permission and was suspended. Even apart from the discrepancy between Love's GPS reports and his daily activity logs, this conduct constitutes a legitimate, non-discriminatory reason to terminate his employment, and Love has not created a triable issue of fact that this reason is a pretext for discrimination.

Love argues that this claim is governed by *White v. Baxter Healthcare Corp.*, 533 F.3d 381 (6th Cir. 2008). This argument fails because *White* applies to Title VII mixed-motive analysis, an analysis not applicable in ADEA claims. *Gross v. FBL Fin. Servs,*, 129 S. Ct. 2343, 2349 (2009). Instead as the district court recognized, Love's claim is governed by the standard in *McDonnell-Douglas v. Green*, 411 U.S. 792 (1973). *Harris v. Metro. Gov't of Nashville & Davidson County*, 594 F.3d 476, 485 n.6 (6th Cir. 2010). Therefore, EPB was entitled to summary judgment on this claim.

Love also failed to raise a triable issue of fact that EPB engaged in age discrimination by refusing his transfer request. To establish a prima facie case, Love must show, among other elements, that he suffered an adverse employment action, that is, an action "that results in a materially adverse change in the terms and conditions of plaintiff's employment" such as "a decrease

in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities." *Momah v. Dominguez*, 239 F. App'x 114, 123 (6th Cir. 2007) (internal quotation marks omitted) (citations omitted). As the district court held, because Love alleges only that the lateral move would allow him to avoid working with coworkers with whom he had a disagreement, Love did not suffer an adverse employment action and therefore has failed to state a prima facie case for discrimination based on his transfer denial. Even if Love had established a prima facie case of discrimination, EPB had a legitimate, non-discriminatory reason to deny his transfer request—his unauthorized absences and ongoing insubordination—and Love has not created a genuine issue of material fact that this reason is a pretext for discrimination.

Love challenges summary judgment to EPB in his transfer-based discrimination claim with the same argument he made challenging summary judgment to EPB in his termination-based discrimination claim, and this argument fails for the reason stated above. Accordingly, EPB was entitled to summary judgment on this claim.

Love also failed to create a triable issue of fact that EPB engaged in a pattern or practice of age discrimination by systematically terminating older employees. In an age-based disparate impact claim, the plaintiff may not "simply allege that there is a disparate impact on [older] workers, or point to a generalized policy that leads to such an impact. Rather, the [plaintiff] is responsible for isolating and identifying the *specific* employment practices that are allegedly responsible for any observed statistical disparities." *Smith v. City of Jackson*, 544 U.S. 228, 241 (2005) (internal quotation marks omitted) (citation omitted). The chart Love filed to support this claim simply lists all employees who left EPB, regardless of whether they left voluntarily. Although the chart indicates

that eight former EPB employees have sued EPB for discrimination during this time, only two of the suits are age discrimination cases, and neither claim resulted in a finding of discrimination. Therefore, this evidence fails to support a disparate impact on older EPB employees, and even if this chart did establish age-based statistical disparities, Love has failed to identify a specific employment practice responsible for such a disparity. Therefore, Love has failed to create a genuine issue of material fact with respect to a pattern or practice of age discrimination, and EPB was entitled to summary judgment on this claim.

Love has not raised a triable issue of fact that EPB placed him in a hostile work environment. A hostile work environment "'involve[s] repeated conduct' and require[s] the plaintiff to demonstrate that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 994 (6th Cir. 2009) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115-16 (2002)). Love's allegations—that he believed Burnett and Bullock scared other employees, threatened other employees with suspension and termination, and had a confrontational management style—fail to raise a triable issue of fact that EPB was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe and pervasive to alter the conditions of Love's employment and create an abusive working environment. Therefore, EPB was entitled to summary judgment on this claim.

Love failed to state a claim for retaliation because, as the district court noted, Love failed to identify the basis for his claim. Assuming Love stated an ADEA retaliation claim, Love has failed to create a genuine issue of material fact that EPB retaliated against him for a protected activity. The

ADEA's retaliation provision, 29 U.S.C. § 623(d), requires the plaintiff to show, inter alia, "that he engaged in a protected activity." *Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007). Vague charges of discrimination or that "management [is] 'out to get [the plaintiff]'" are not opposition to an unlawful employment practice and are not protected by the ADEA. *Id.* at 590-91. Here, Love's allegations of retaliation based on complaints of EPB management decisions are only vague charges that EPB management was out to get him, and therefore not protected activities, and EPB was entitled to summary judgment on this claim.

Love also argues that the whole concept of summary judgment violates the Seventh Amendment. We reject this argument as we have before. *McDaniel v. Kindred Healthcare, Inc.*, 311 F. App'x 758, 758-59 (6th Cir. 2009); *Cook v. McPherson*, 273 F. App'x 421, 425 (6th Cir. 2008).

For the foregoing reasons, the district court's grant of summary judgment is affirmed.