NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0338n.06

No. 09-1600

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Mar 28, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| FREDERICK WILLECKE;<br>TARA JONES WILLECKE, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiffs-Appellees. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| JOHN R. TOTH; JODY L. TOTH, | ) | |
| | ) | O P I N I O N |
| Defendants-Appellants, | ) | |

BEFORE:   NORRIS, MOORE, and McKEAGUE, Circuit Judges.

**PER CURIAM.**  This is a pro se appeal by defendants John and Jody Toth from the district court's grant of summary judgment in favor of plaintiffs Frederick and Tara Jones Willecke.  This action stems from the sale of a home at 1367 Holland Street, Birmingham, Michigan (the "Birmingham property").  After the Willeckes purchased the Birmingham property from the Toths, the Willeckes sued numerous parties connected to the sale, including the Toths.  With respect to the Toths, the Willeckes alleged multiple acts of fraud and breach of contract.  R. 1, Compl.  The district court denied the Toths' motion to dismiss and granted summary judgment in favor of the Willeckes after finding that: (1) the Toths fraudulently made material misrepresentations regarding the Birmingham property; (2) the Toths breached the contract selling the Birmingham Property to the Willeckes, and (3) the Toths breached the lease agreement allowing the Toths to live at the

Birmingham Property after its sale to the Willeckes. R. 79, Order. The district court also entered a judgment against the Toths "in the sum of $304,393.99, plus costs, fees and the imposition of statutory interest as authorized by law." *Id.*

On appeal, the Toths charge that they were denied their Seventh Amendment right to a trial by jury. In addition, the Toths assert that the district court "was biased against them for not having legal counsel representation . . . ." Appellant Br. at 4. Accordingly, the Toths request that we overturn the district court's grant of summary judgment. *Id.* at 3.

We begin with the Toths' Seventh Amendment claim. The Toths assert that the district court's disposition of their case by summary judgment deprived them of their Seventh Amendment right to a jury. *Id.* at 2-3. This claim is unavailing because summary judgment does not violate the Seventh Amendment. *See, e.g., Love v. Electric Power Bd. of Chattanooga, EBP*, 392 F. App'x 405, 410 (6th Cir. 2010); *McDaniel v. Kindred Healthcare, Inc.*, 311 F. App'x 758, 758-59 (6th Cir. 2009); *Cook v. McPherson*, 273 F. App'x 421, 425 (6th Cir. 2008).

Next, the Toths accuse the district court of judicial bias. In particular, the Toths note that "[e]very time [their] case came to court the judge made comments" about their lack of counsel, and "this is why [they] believe [the district court] did not listen to find the truth behind this case." Appellant Br. at 4. The record reflects that the district court repeatedly referred to the fact that the Toths were proceeding pro se. R. 85 at 40-42. Nothing in the record, however, supports the Toths' allegation of judicial bias. Rather, the district court appeared sympathetic to the Toths' plight, noting "an element of sadness" in the fact that the Toths were unable to secure effective legal representation. *Id.* The district court also expressly stated that its decision was "not based on [the

Toths'] lack of having counsel but because . . . their request for dispositive relief was without merit."

R. 85, Transcript, 41. Thus, we reject the Toths' allegations of judicial bias.

We now turn to the substance of the Toths' summary judgment appeal. We have carefully reviewed the applicable law, the record, and the parties' briefs de novo. *See Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 792 (6th. Cir. 2009) (explaining that a district court's grant of summary judgment is reviewed de novo). After considering all facts and inferences in the light most favorable to the Toths, *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 576-77 (6th Cir. 2004), we find that the Toths have not raised a genuine issue of material fact regarding either the Willeckes' fraud claim or their breach of contract claims. Because the district court thoroughly analyzed these issues and appropriately granted summary judgment, a full written opinion on these matters by this Court would serve no useful purpose. Accordingly, for the reasons stated in the district court's thorough and well-reasoned order, we **AFFIRM**.