**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0303n.06

Case No. 13-6152

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Apr 23, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CAROLYN CONSTANTINE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| DARYN GADEKEN; COFFEE COUNTY, | ) | DISTRICT OF TENNESSEE |
| TENNESSEE, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | O P I N I O N |

BEFORE: DAUGHTREY, McKEAGUE, and DONALD, Circuit Judges.

**DAVID W. McKEAGUE, Circuit Judge.** This case arises from the prosecution of Carolyn Constantine for eight counts of enticing a child to purchase alcoholic beverages or purchasing alcoholic beverages for a child, Tenn. Code. Ann. § 39-15-404, and four counts of contributing to the delinquency of a minor, Tenn. Code. Ann. § 37-1-156.

Constantine filed this civil complaint against Gadeken and Coffee County, Tennessee in state court asserting several claims including: (1) false arrest and malicious prosecution against Gadeken in violation of 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution; (2) false imprisonment and malicious prosecution against Gadeken in violation of Tennessee law, and for which the County may be liable pursuant to Tenn. Code Ann. Section 8-8-302. R. 1, Complaint at 4–7, Page ID # 5–9. The Defendants removed the case to

federal court and then filed a motion to dismiss, asserting that the claims are barred by qualified immunity and that Constantine failed to state a claim for relief. R. 4, Mot. to Dismiss at 1–2, PageID # 16–17. In response, Constantine moved to amend her complaint to allege additional facts for consideration. R. 10, Mot. to Amend at 1, PageID # 37.

The district court granted Defendants' motion to dismiss on all claims and declined to exercise supplemental jurisdiction over Constantine's state law claims. The district court held that Gadeken was entitled to qualified immunity[1] because Constantine failed to demonstrate that Gadeken lacked probable cause in regard to her arrest and prosecution. A grand jury indicted Constantine. The Sixth Circuit has made clear that "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006) (quoting *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)) (internal quotation marks omitted). There is an exception to this rule for indictments "obtained wrongfully by defendant police officers who knowingly present false testimony to the grand jury." *Cook v. McPherson*, 273 F. App'x 421, 424 (6th Cir. 2008). Gadeken was a witness at the grand jury proceedings, which is where Constantine alleges Gadeken presented false testimony. However, Constantine failed to present any facts that would allow this Court to infer that Gadeken presented false testimony to the grand jury. The district court found that Constantine's "factual

---

[1] The district court discussed the two-part qualified immunity test articulated by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The *Saucier* Court mandated that courts first determine whether "the facts alleged show the officer's conduct violated a constitutional right[.]" *Id.* If a constitutional right had been infringed, the courts could consider "whether the right was clearly established . . . in light of the specific context of the case." *Id.* In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Court overrode that procedural mandate, recognizing the impracticality of the requirement. However, the *Pearson* Court indicated that lower courts may still use the *Saucier* test and have discretion in determining which prong to consider first. *Id.* at 236; *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009) (per curiam).

allegations consist[ed] almost entirely of her own inferences, subjective beliefs, and legal conclusions framed as factual statements." Accordingly, without facts to establish more than a mere possibility that Gadeken presented false testimony to the grand jury, the indictment conclusively established that Gadeken had probable cause against Constantine.

After carefully reviewing the district court opinion, the briefs, and the record in this case, we conclude that the district court did not err in granting Defendants' motion to dismiss or denying Constantine's motion to amend. As the district court correctly set out the applicable law and correctly applied that law to the well-pleaded factual allegations, issuance of a full written opinion by this Court would serve no jurisprudential purpose.

Accordingly, for the reasons stated in the district court's well-reasoned opinion, we **AFFIRM**.